UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ERWIN PILGRIM,

        Plaintiff,

   v.

GLOBAL TEL-LINK CORPORATION *et al.*,

        Defendants.

CAUSE NO. 3:21-CV-36 DRL-MGG

OPINION AND ORDER

Erwin Pilgrim, a prisoner without a lawyer, filed a complaint against Global Tel-Link and the Indiana State Prison Warden for preliminary and permanent injunctive relief, alleging a due process violation. ECF 1, 3. The court denied the preliminary injunction motion. ECF 5. Now, the complaint is ready to be screened, but the allegations are too vague for the court to determine whether it states a claim. Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Pilgrim says his Global Tel-Link trust fund account was frozen for suspected fraud without prior notice or a hearing contrary to the due process clause of the

Fourteenth Amendment. ECF 1. Without access to his account, he cannot order hygiene supplies or other toiletries. *Id.* He has not been told how to remove the freeze. *Id.*

A claim under 42 U.S.C. § 1983 requires that Mr. Pilgrim allege (1) he was deprived of a federal right (2) by someone acting under color of state law. *Hanson v. LeVan*, 967 F.3d 584, 597 (7th Cir. 2020) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)). Looking at the state actor requirement, it is clear that Ron Neal, the Indiana State Prison Warden, is a state actor. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (noting that prison warden can ensure any injunctive relief is carried out and so is a proper defendant regardless if he participated in the alleged violation). Global Tel-Link, however, is a private company contracted with the Indiana Department of Correction to provide telephone and other services. *See* Indiana Department of Correction, *GTL Information*, https://www.in.gov/idoc/about-idoc/offender-information/gtl-information/ (last visited July 20, 2021); GTL, *About GTL: The Corrections Innovation Leader*, https://www.gtl.net/about-us/ (last visited July 20, 2021). Private companies can be considered a state actor under § 1983 if a company contracts to provide government services to prisoners. *Cf. Shields v. Ill. Dep't of Corrs.*, 746 F.3d 782, 789 (7th Cir. 2014) (noting that private corporation contracted to provide health care to prisoners is a state actor for purposes of § 1983). Here, however, the extent of Global-Tel Link's involvement in managing the trust accounts is unclear, so the court is unable to determine whether the complaint plausibly alleges the company is a state actor. Mr. Pilgrim needs to provide more detail about Global-Tel Link's role in managing the trust fund accounts.

Moreover, the complaint does not contain enough information to determine whether it plausibly alleges a due process violation. For a plaintiff to be entitled to due process, he must first have a liberty or property interest to protect. *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). Mr. Pilgrim alleges that his trust fund account was frozen, preventing him from buying hygiene supplies and other items from the commissary. Mr. Pilgrim has a property interest in the funds in his account and the disposition of those funds. *See Campbell v. Miller*, 787 F.2d 217, 222, 224 (7th Cir. 1986) ("It is beyond dispute that Campbell has a property interest in the funds on deposit in his prison account."). But he does not have an accompanying right to access commissary, as long as the prison otherwise provides necessities. *See Hoskins v. Lenear*, 395 F.3d 372, 374-75 (7th Cir. 2005) (no federally protected liberty interest in loss of privileges); *Thomas v. Ramos*, 130 F.3d 754, 762 n.8 (7th Cir. 1997) (same). If Mr. Pilgrim is alleging solely that he is unable to access commissary, he doesn't state a due process violation. Mr. Pilgrim must provide more information about what happened to his prison trust fund account and its funds.

For these reasons, the court:

(1) GRANTS Erwin Pilgrim until **August 24, 2021** to file an amended complaint; and

(2) CAUTIONS Erwin Pilgrim if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

July 26, 2021                                              *s/ Damon R. Leichty*
                                                           Judge, United States District Court